UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATIENCE ALETAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2331-X |
| | § | |
| TED GAMBORDELLA, et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Patience Aletan's Application for Temporary Restraining Order (TRO) and Preliminary Injunction. (Doc. 16). Unfortunately for Aletan, the event she seeks to prevent through the TRO—the foreclosure and sale of her property—has already occurred. So the Court cannot give Aletan the relief she requests and **DENIES** her TRO and Preliminary Injunction request.

A TRO preserves the status quo at the time the lawsuit was filed and prevents irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[1] A plaintiff must demonstrate that "irreparable injury is *likely*" without a TRO.[2] And "injunctive. . . relief cannot conceivably remedy any past wrong."[3] Therefore, plaintiffs seeking injunctive relief must demonstrate "a

[1] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[2] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023)

[3] *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (cleaned up).

*continuing* injury or threatened future injury."[4]

Aletan's complaint and application for a TRO and Preliminary Injunction requests that the Court halt defendants Gambordella, Capital Fund, Baumann, Flight 2010, and Meditemp "from foreclosing on [Aletan's] residential homestead; from directly or indirectly selling or attempting to sell or encumber the Property; executing and enforcing any writs, orders, or judgments with regard to the Property; and removing [Aletan] from the Property through any means, including forcible entry and detainer and forcible detainer."[5] But as she acknowledges in her Application, Gambordella and Capital Fund have already foreclosed the Property and sold it to Flight 2010 and Meditemp.[6] The Court, as part of the judicial branch, possesses judicial power over cases and controversies;[7] it does not possess power over time, and it cannot stop an event that has already occurred.

The Court therefore **DENIES** Aletan's TRO and Preliminary Injunction request.

**IT IS SO ORDERED** this 3rd day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[4] *Id.* (emphasis added).

[5] *See* Doc. 16 at 20.

[6] *See id.* at 8.

[7] *See* U.S. CONST. art. III § 2.