UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATIENCE ALETAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2331-X |
| | § | |
| TED GAMBORDELLA, et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Gambordella's Motion to Dismiss or, Alternatively, Motion for Judgment on the Pleadings (the Motion). (Doc. 24). None of Plaintiff Aletan's rebuttals make a legal claim at all. The Court therefore **GRANTS** Gambordella's motion and **DISMISSES WITH PREJUDICE** all of Aletan's claims against him.

## I. Background

This case involves a property dispute. In 2018, Aletan purchased a house (the Property) with a down payment and a promissory note payable to a mortgage company. Aletan has lived in the home since then. In 2024, Aletan and Towers Marketing Group (Towers) entered into a real estate contract whereby Aletan executed a Warranty Deed with Vendor's Lien to convey the Property to Towers. Capital Fund was the Lender, and Towers executed a Deed of Trust and Assignment of Rents on the Property with Capital Fund as beneficiary. Towers did so to secure a

$245,000 promissory note maturing on September 1, 2025. Under this contract, Aletan would be Towers's tenant in the Property.

When Towers defaulted on the 2024 Promissory Note, Capital Fund and Gambordella (the Substitute Trustee) commenced foreclosure proceedings. On May 7, 2026, Gambordella sent a foreclosure notice addressed to Towers and delivered it to the Property. Aletan filed her original petition and application for a temporary restraining order (TRO) in state court to stop the foreclosure. The next day, Gambordella foreclosed on and sold the Property. Gambordella filed an original answer invoking Texas Property Code section 51.007, describing his limited role, and explaining why Capital Fund was the actual party in interest. While Aletan twice amended her petition, neither amended petition responded to any of Gambordella's points in his answer. Capital Fund removed the action to this Court. Gambordella filed a Motion to Dismiss all Aletan's claims against him.

## II. Legal Standard

Rule 12(b)(6) authorizes dismissal when a complaint fails to "state a claim upon which relief can be granted."[1] A pleading in federal court must state "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] In stating their claim, the plaintiff does not have to plead detailed facts, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] For a complaint to survive a motion to

[1] FED. R. CIV. P. 12(b)(6).

[2] FED. R. CIV. P. 8(a)(2).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

dismiss under Rule 12(b)(6), it must allege sufficient facts "to state a claim to relief that is plausible on its face."[4] And a claim is plausible on its face when supported by enough facts that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5]

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in favor of the plaintiff and accept all facts pleaded in the complaint as true.[6] That said, courts do not "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement."[7]

## III. Analysis

As best the Court and Gambordella understand, Aletan brings four claims against Gambordella. She brings a cause of action to quiet title, alleges that Gambordella violated the Texas Debt Collection Act and the Fair Debt Collection Practices Act, and alleges fraud against him.[8] Gambordella argues each claim fails.[9]

In his motion, Gambordella first argues that because he claims no adverse interest, Aletan's quiet title claim against him fails.[10] In a cause of action to quiet title, "the plaintiff must show (1) an interest in a specific property, (2) title to the

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[7] *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (cleaned up).

[8] *See* Doc. 16 at 8–13.

[9] Gambordella also argues that dismissal is required under Section 51.007 of the Texas Property Code. *See* Doc. 24 at 11. The Court need not reach this argument to dismiss all claims against him.

[10] *See* Doc. 24 at 5–6.

property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."[11] As Gambordella points out, Aletan's Third Amended Complaint makes clear that Gambordella no longer has title, a lien, or ownership of the Property.[12] Thus, Gambordella has no title interest to remove and the Court dismisses the claim to quiet title against Gambordella.[13]

Second, Gambordella argues that Aletan's Texas Debt Collection Act claim fails to identify a consumer debt or actionable representation he took. "The Texas Debt Collection Practices Act applies only to consumer debt, not commercial debts."[14] Therefore, an "obligation arising out of [a] commercial transaction does not constitute a debt as defined under the Texas statute."[15] Aletan does not allege any facts "showing that Towers incurred the loan primarily for personal, family, or household purposes"—in other words, for consumer debt.[16]

Additionally, "to violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading."[17] In her Third Amended Complaint, Aletan fails to identify an affirmatively false or

---

[11] *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.).

[12] *See* Doc. 16 at 10 (noting that Gambordella foreclosed on the property and sold it).

[13] *See* Doc. 24 at 14.

[14] *Dick v. Colo. Hous. Enter., LLC*, 780 F. App'x 121, 126 (5th Cir. 2019) (citing *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135–36 (5th Cir. 1995).

[15] *First Gibraltar Bank, FSB*, 62 F.3d at 136.

[16] Doc. 24 at 15.

[17] *Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015) (cleaned up).

misleading statement made by Gambordella. Accordingly, the Court dismisses the Texas Debt Collection Act claim against Gambordella.

Third, Gambordella argues that Aletan's Fair Debt Collection Practices Act claim fails. The Fair Debt Collection Practices Act, like the Texas Debt Collection Act, only applies to obligations "primarily for personal, family, or household purposes."[18] As discussed above, Towers did not incur the debt for personal, family, or household purposes. Aletan's Complaint "does not plausibly allege a covered debt within § 1692a(5)," nor does she allege that Gambordella is a "debt collector" subject to § 1692e.[19] Accordingly, the Court dismisses the Fair Debt Collection Practices Act claim against Gambordella.

Fourth, as to the fraud claim, Gambordella argues that Aletan's Complaint "identifies no statement by Gambordella, no reliance on anything he said, and no facts showing fraudulent intent by him."[20] Indeed, Aletan's Complaint does not even mention Gambordella when describing her fourth count against Defendants.

In her response (if it can be called that),[21] Aletan wholly fails to engage with any of Gambordella's arguments, legal or otherwise. Indeed, the substantive section

---

[18] 15 U.S.C. § 1692a(5) (defining the "debts" subject to the Act).

[19] Doc. 24 at 16 (cleaned up). 15 U.S.C. § 1692a(6) defines a "debt collector" as any person who uses interstate commerce or the mail "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Gambordella only engaged in non-judicial foreclosure and was thus not a debt collector within the meaning of the Act. *See* Doc. 24 at 9.

[20] Doc. 24 at 10.

[21] The Merriam-Webster dictionary defines "response" as "something constituting a reply or a reaction," like "a written or spoken answer." MERRIAM-WEBSTER, "Response," https://www.merriam-webster.com/dictionary/response. Importantly, a response reacts to something that has already been said or done. The document Aletan filed does not in any way react to or interact with Gambordella's Motion to Dismiss.

of her response is only two pages long and asserts that Defendants Capital Fund and Towers "have presented no evidence that meets their burden of proving that [Aletan] abandoned her homestead with an intention not to return."[22] Besides misunderstanding burdens at this stage of litigation and addressing the wrong defendants, her response lacks any legal arguments. She dedicates only two sentences to Gambordella, asserting that he "as a trustee received neither the Property nor a power of sale over the Property," and therefore "has not established a right to recover attorney's fees or costs."[23] In function, Gambordella's motion is unopposed. The Court agrees with Gambordella that Aletan "fails to state any plausible claim against" him for fraud.[24]

## IV. Conclusion

Accordingly, the Court **GRANTS** Gambordella's Motion to Dismiss and **DISMISSES WITH PREJUDICE** all of Aletan's claims against him.

**IT IS SO ORDERED** this 4th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[22] Doc. 32-1 at 4.

[23] Doc. 32-1 at 5.

[24] Doc. 24 at 5.